IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Antonio Lee Dodd, # 218567/1278 | ) | C/A No.: 1:19-2937-DCN-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Laverne C. McKinney, Sgt. S. Norris, and Lieutenant W. Kramer, | ) | ORDER AND NOTICE |
| | ) | |
| Defendants. | ) | |

Antonio Lee Dodd ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 1983 against Laverne C. McKinney ("Mail Room Clerk"), Sergeant S. Norris ("Sergeant"), and Lieutenant W. Kramer ("Lieutenant") (collectively "Defendants") in their official and individual capacities, alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.   Factual and Procedural Background

Plaintiff is currently incarcerated at the Greenville County Detention Center ("Detention Center"). [ECF No. 1 at 2]. Defendants are employees of the Detention Center. *Id.* at 2–3. Plaintiff claims that on August 23, 2019, an officer distributed mail to him that had previously been opened. *Id.* at 6.

Plaintiff claims it was legal mail because it was directed to only be opened by addressee and to be returned to sender if addressee was not found. *Id.* at 5. He alleges he wrote to Mail Room Clerk, questioning why his legal mail was opened. *Id.* He states Mail Room Clerk indicated the mail was not legal mail. *Id.* Plaintiff maintains Sergeant and Lieutenant failed to address the matter after he filed a grievance. *Id.* at 4.

Plaintiff alleges Defendants' actions violated his rights under the First Amendment. *Id.* at 4. He requests the court bring charges against Defendants and award him $2.3 million in compensation. *Id.* at 7.

II. Discussion

    A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

2

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on

its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B. Analysis

1. Failure to Allege Constitutional Violation Under § 1983

Plaintiff alleges Defendants violated his rights under the First Amendment by opening and failing to address the opening of his legal mail. [ECF No. 1 at 4]. To state a plausible claim for relief under 42 U.S.C. § 1983,[1] an aggrieved party must sufficiently allege he was injured by "the deprivation of any [of his] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014).

This court has previously found that the opening of an inmate's incoming personal mail outside his presence does not constitute a constitutional violation. *See Kershaw v. Padula*, C/A No. 6:10-951-MBS-KFM, 2011 WL 1750222, at *5 (D.S.C. Apr. 6, 2011) (citing *Sterling-Earl v. Gray*, 2006 WL

---

[1] Plaintiff's complaint is properly before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

1318367, at *6–7 (W.D. Va. 2006), adopted by 2011 WL 1700009 (D.S.C. May 4, 2011). However, a different standard applies to legal, as opposed to personal, mail. *See Altizer v. Deeds*, 191 F.3d 540, 548–49 (4th Cir. 1999). "Inspecting an inmate's legal mail may implicate the inmate's Sixth Amendment right to communicate freely with his attorney in a criminal case. "*Id.* at 549, n. 14 (citing *Wolff v. McDonnell*, 418 U.S. 539, 575 (1974)).

Plaintiff appears to claim the mail was legal mail because "IT CLEARLY STATE[D]" it was "MAIL FOR THE ADDRESSEE ONLY" and "TO SEND BACK IF ADDRESSEE NOT FOUND." [ECF No. 1 at 5]. He has not alleged Defendant Mail Clerk opened correspondence from his attorney.

In addition, Plaintiff has failed to allege he suffered any injury as a result of Defendants' actions. To establish his rights have been violated by Defendants' actions, Plaintiff must show the opening of his mail had some adverse effect on his litigation efforts. *See Griffin v. Commonwealth of Virginia*, 2002 WL 32591574 (W.D. Va. Dec. 17, 2002) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

Accordingly, Plaintiff's complaint is subject to summary dismissal for failure to state a claim.

### 2. Failure to Allege Personal Participation by Sergeant and Lieutenant

Plaintiff does not allege Sergeant or Lieutenant opened his legal mail or directed it be opened. He merely states he followed the proper procedure for filing a grievance regarding the opening of the mail and "THEY DENIED ME." [ECF No. 1 at 5].

To assert a viable § 1983 claim against a public official, a causal connection or affirmative link must exist between the public official and his/her conduct. *See Iqbal*, 556 U.S. at 676 (providing a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution); *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct); *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of respondeat superior has no application under this section.'") (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)); *Vinnedge*, 550 F.2d at 928 (for an individual to be liable under § 1983, it must be affirmatively shown the official charged acted personally in the deprivation of the plaintiff's rights).

Plaintiff has failed to allege Sergeant and Lieutenant personally participated in the deprivation of his rights. Accordingly, Plaintiff's complaint is subject to summary dismissal as to Sergeant and Lieutenant.

3. Request for Relief

Plaintiff requests "CHARG[E]S [BE] BROUGHT AGAINST [] DEFENDANTS." As an initial matter, Plaintiff has neglected to allege Defendants violated any provisions of criminal law. Furthermore, "the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case." *U.S. v. Nixon*, 418 U.S. 683, 692 (1974). The constitutional doctrine of separation of powers prevents the judicial branch from bringing or ordering that charges be brought against individuals or entities. *See Clinton v. Jones*, 520 U.S. 681 (1997) (providing "[t]he doctrine provides a self-executing safeguard against the encroachment or aggrandizement of one of the three coequal branches of government at the expense of another) (citing *Buckley v. Valeo*, 424 U.S. 1, 22 (1976)).

To the extent Plaintiff requests the court order charges be brought against Defendants, he has requested relief the court is without authority to provide.

NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by November 8, 2019, along with any appropriate service

documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

October 18, 2019
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge